1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JIMMY WOOD,                    )    NO. ED CV 16-534-E
                                   )
12           Plaintiff,            )
                                   )
13      v.                         )    **MEMORANDUM OPINION**
                                   )
14  CAROLYN W. COLVIN, Acting      )    **AND ORDER OF REMAND**
    Commissioner of Social Security, )
15                                 )
             Defendant.            )
16  _____)

17

18      Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20  judgment are denied, and this matter is remanded for further

21  administrative action consistent with this Opinion.

22

23                      **PROCEEDINGS**

24

25      Plaintiff filed a Complaint on March 23, 2016, seeking review of

26  the Commissioner's denial of benefits.  The parties filed a consent to

27  proceed before a United States Magistrate Judge on April 20, 2016.

28  ///

1    Plaintiff filed a motion for summary judgment on August 16, 2016.

2    Defendant filed a motion for summary judgment on September 15, 2016.

3    The Court has taken both motions under submission without oral

4    argument.  See L.R. 7-15; "Order," filed March 29, 2016.

5

6    **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8    Plaintiff asserts disability since September 14, 2011, based on a

9    combination of alleged mental and physical impairments (Administrative

10   Record ("A.R.") 34-50, 201-03).  Plaintiff's long-time treating

11   psychiatrist, Dr. Thomas B. Jackson, has opined that severe mental

12   impairments disable Plaintiff from all employment (A.R. 423-27, 474-

13   78).

14

15   An Administrative Law Judge ("ALJ") found Plaintiff not disabled

16   (A.R. 14-26).  Although the ALJ agreed that Plaintiff has severe

17   impairments, including severe mental impairments, the ALJ found

18   Plaintiff retains the residual functional capacity for a limited range

19   of light work (id.).  The ALJ gave "little weight" to the opinions of

20   Dr. Jackson (A.R. 23).  The Appeals Council denied review (A.R. 1-4).

21

22   **STANDARD OF REVIEW**

23

24   Under 42 U.S.C. section 405(g), this Court reviews the

25   Administration's decision to determine if: (1) the Administration's

26   findings are supported by substantial evidence; and (2) the

27   Administration used correct legal standards.  See Carmickle v.

28   Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.  But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

**I.   The ALJ Erred in the Evaluation of Dr. Jackson's Opinions.**

The ALJ must "consider" and "evaluate" every medical opinion of record.  20 C.F.R. § 404.1527(b) and (c); see Social Security Ruling

///

///

///

///

("SSR") 96-8p.[1]  In this consideration and evaluation, an ALJ "cannot reject [medical] evidence for no reason or the wrong reason."  <u>Cotter v. Harris</u>, 642 F.2d 700, 706-07 (3d Cir. 1981); <u>see</u> <u>Day v. Weinberger</u>, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ may not make his or her own lay medical assessment).

Under the law of the Ninth Circuit, the opinions of treating physicians command particular respect.  "As a general rule, more weight should be given to the opinion of the treating source than to the opinion of doctors who do not treat the claimant. . . ."  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted).  A treating physician's conclusions "must be given substantial weight."  <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see</u> <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . .  This is especially true when the opinion is that of a treating physician") (citation omitted); <u>see also</u> <u>Orn v. Astrue</u>, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physicians' opinions).  Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on

_____

[1]  Social Security rulings are binding on the Administration.  <u>See</u> <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[2]  Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons.  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984).

4

1   substantial evidence in the record." <u>Winans v. Bowen</u>, 853 F.2d 643,

2   647 (9th Cir. 1987) (citation, quotations and brackets omitted); <u>see</u>

3   <u>Rodriguez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may disregard the

4   treating physician's opinion, but only by setting forth specific,

5   legitimate reasons for doing so, and this decision must itself be

6   based on substantial evidence") (citation and quotations omitted).  As

7   discussed below, the ALJ erred by relying on illegitimate reasoning to

8   reject the opinions of Dr. Jackson.

9

10      First, the ALJ stated, "Although [Dr. Jackson's] treatment notes

11  indicate the claimant's general disposition was sad, anxious, and

12  depression [sic], with one account of disorganization in May of 2012

13  and one reported hyperactivity in January of 2011, his mental status

14  exam results were otherwise normal" (A.R. 22).  The ALJ thereby

15  mischaracterized the medical record; Plaintiff's "mental status exam

16  results" were not "otherwise normal" (A.R. 442 (thought processes not

17  "normal" but rather "circumstantial"), 445 (thought content not

18  "normal" but rather included "ideas of reference"[3]), 447 (mental

19  status exam revealed "olfactory hallucinations"), 525 (affect

20  "restricted," rather than "appropriate")).  The ALJ's characterization

21  of Dr. Jackson's treatment notes also failed to take into account

22  notations therein of other abnormalities tending to support Dr.

23  Jackson's opinions (A.R. 436 (anger), 442 (mood swings), 444 (often

24  angry and feels people are talking about him), 531 (anger,

25

26  _____

27      [3]    The phrase "ideas of reference" denotes "an illogical
    tendency to relate external events to one's self."  <u>See Johnson</u>

28  <u>v. United States</u>, 409 F. Supp. 1283, 1286 n.4 (M.D. Fla. 1976),
    <u>rev'd on other grounds</u>, 576 F.2d 606 (5th Cir. 1978).

1  irritability), 532 ("very reactive to stress - concentration very poor

2  . . . angers easily")).[4]  An ALJ's material mischaracterization of the

3  record can warrant remand.  See, e.g., Regennitter v. Commissioner of

4  Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999).  The

5  mischaracterizations in the present case are potentially material.

6

7       Second, to reject Dr. Jackson's opinions, the ALJ purported to

8  rely on the non-examining state agency physicians' "mental assessment

9  of the claimant's alleged mental impairments" (A.R. 23).  As

10 previously indicated, the opinion of an examining physician generally

11 should receive more weight than the opinion of a non-examining

12 physician.  See Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir.

13 1995).  In fact, "[t]he opinion of a nonexamining physician cannot by

14 itself constitute substantial evidence that justifies the rejection of

15 the opinion of . . . an examining physician."  Lester v. Chater, 81

16 F.3d at 831; see also Orn v. Astrue, 495 F.3d at 632 ("When [a

17 nontreating] physician relies on the same clinical findings as a

18 treating physician, but differs only in his or her conclusions, the

19 conclusions of the [nontreating] physician are not 'substantial

20 evidence.'"); Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir.

21 1990) (nonexamining physician's conclusions, with nothing more, not

22 substantial evidence in light of "the conflicting observations,

23 opinions, and conclusions" of examining physician).  Morever, the

24 contradiction of a treating physician's opinion by another physician's

25

26 _____

27      [4]     The Court observes that the record of Dr. Jackson's
   progress notes appears to be incomplete.  Each of pages 531
   through 533 of the Administrative Record contains only a first
28 page of a presumably multi-page progress note.

1  opinion triggers rather than satisfies the requirement of stating
2  "specific, legitimate reasons."  <u>See, e.g.</u>, <u>Valentine v. Commissioner</u>,
3  574 F.3d 685, 692 (9th Cir. 2007); <u>Orn v. Astrue</u>, 495 F.3d at 631-33;
4  <u>Lester v. Chater</u>, 81 F.3d at 830-31.

5

6      Third, the ALJ stated that the fact "Dr. Jackson only saw the
7  claimant every three months . . . suggests the claimant's symptoms
8  were not disabling" (A.R. 23).  The ALJ appears to have reasoned that
9  Dr. Jackson must not have believed in the truth of his own opinions
10 because, had he so believed, he would have seen Plaintiff more
11 frequently.  An ALJ "may not assume that doctors routinely lie in
12 order to help their patients collect disability benefits."  <u>Lester v.</u>
13 <u>Chater</u>, 81 F.3d at 832 (citations and quotations omitted).  Of course,
14 an ALJ may conclude, based on substantial evidence, that a particular
15 doctor is lying about the severity of a particular patient's
16 impairments.  However, the ALJ failed to identify any substantial
17 evidence supporting such a conclusion in the present case, and no such
18 evidence appears from the record.  As previously indicated, the
19 contradiction of Dr. Jackson's opinions by non-examining physicians
20 cannot constitute substantial evidence.  The ALJ's lay opinion
21 regarding medical matters also cannot constitute substantial evidence.
22 <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d at 1102-03; <u>Balsamo v. Chater</u>, 142 F.3d
23 75, 81 (2d Cir. 1998); <u>Rohan v. Chater</u>, 98 F.3d 966, 970 (7th Cir.
24 ///
25 ///
26 ///
27 ///
28 ///

1  1996); <u>Day v. Weinberger</u>, 522 F.2d at 1156.[5]

2

3      Fourth, the ALJ stated that, "contrary to Dr. Jackson's assertion

4  that the claimant has been unable to work since 1995, the claimant's

5  earnings suggest otherwise" (A.R. 23).  Dr. Jackson acknowledged

6  Plaintiff previously worked as an in-home caregiver for Plaintiff's

7  mother (A.R. 424 ("He has been unable to work since 1995 except for

8  period of time when he cared for his elderly mother"); <u>see also</u> A.R.

9  472).  Dr. Jackson evidently believed that this in-home work, which

10 occurred years prior to Plaintiff's alleged disability onset, did not

11 detract from Dr. Jackson's opinion that Plaintiff's alleged inability

12 to function in society would prevent him from performing any outside

13 employment.[6]  If the ALJ thought that Dr. Jackson should have

14 explained more fully this alleged discrepancy, or the bases for the

15 limitations Dr. Jackson found to exist, the ALJ should have developed

16 the record further.  <u>See generally</u> <u>Brown v. Heckler</u>, 713 F.2d 441, 443

17 (9th Cir. 1983) ("[T]he ALJ has a special duty to fully and fairly

18 develop the record to assure the claimant's interests are considered.

19

20      [5]   To the extent Defendant argues that the allegedly
21 "conservative" course of Dr. Jackson's treatment undermines the
   opinions regarding disability, the record contains no medical
22 evidence either supporting such an inference or identifying the
   medical benefits potentially available from more frequent or
23 aggressive treatment of Plaintiff's severe mental impairments.
   The Administration cannot properly infer the nonexistence of the
24 reported deficits from a failure to obtain ineffective or
   nonexistent treatment.  <u>See</u> <u>Lapeirre-Gutt v. Astrue</u>, 382 Fed.
25 App'x 662, 664 (9th Cir. 2010) ("A claimant cannot be discredited
   for failing to pursue non-conservative treatment options where
26 none exist.").

27      [6]   For different reasons, the ALJ found Plaintiff could
28 not perform his past work as an in-home caregiver (A.R. 24).

This duty exists even when the claimant is represented by counsel.")
(internal citation omitted); see also Smolen v. Chater, 80 F.3d at
1288 ("If the ALJ thought he needed to know the basis of Dr.
Hoeflich's opinions in order to evaluate them, he had a duty to
conduct an appropriate inquiry, for example, by subpoenaing the
physicians or submitting further questions to them.  He could also
have continued the hearing to augment the record.") (citations
omitted).[7]

The Ninth Circuit's decision in Valentine v. Commissioner, 574
F.3d 685 (9th Cir. 2009)("Valentine"), cited by Defendant, is
distinguishable.  In Valentine, the treating physician "repeatedly
reported [Valentine] was  unemployable while acknowledging he was
continuing to work full-time," and the physician's own treatment
progress reports showed Valentine's improved functioning at work.  Id.
at 692-93.  In the present case, Plaintiff's prior work occurred many
years ago, long prior to when Dr. Jackson rendered his opinions (and
even prior to when Dr. Jackson first examined Plaintiff) (A.R. 427,
478).  Moreover, Plaintiff's prior work involved a peculiar
circumstance concerning his sick mother, and the ALJ conceded that
Plaintiff had presented "new and material evidence" "related to the

---

[7]     Plaintiff also faults the ALJ for failing to mention an
alleged opinion from Dr. Gill, another of Plaintiff's treating
physicians.  It does not appear that the ALJ erred in this
regard.  In the context of Dr. Gill's August 15, 2012 "Follow-
up," when Dr. Gill stated, "He is disabled due to his multiple
medical problems," it appears Dr. Gill was merely reciting
Plaintiff's own allegations.  In neither the "Impression" section
nor the "Recommendations" section of the "Follow-up" did Dr. Gill
purport to address Plaintiff's ability (or inability) to work
(A.R. 314).

1  existence of a medically determinable impairment" apparently emerging

2  after his mother's death (A.R. 14-15).

3

4  **II.   Remand for Further Administrative Proceedings is Appropriate.**

5

6        Remand is appropriate because the circumstances of this case

7  suggest that further administrative review could remedy the ALJ's

8  errors.  <u>McLeod v. Astrue</u>, 640 F.3d 881, 888 (9th Cir. 2010); <u>see also</u>

9  <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (upon reversal of an

10 administrative determination, the proper course is remand for

11 additional agency investigation or explanation, except in rare

12 circumstances); <u>Dominguez v. Colvin</u>, 808 F.3d 403, 407 (9th Cir. 2015)

13 ("Unless the district court concludes that further administrative

14 proceedings would serve no useful purpose, it may not remand with a

15 direction to provide benefits"); <u>Treichler v. Commissioner</u>, 775 F.3d

16 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative

17 proceedings is the proper remedy "in all but the rarest cases");

18 <u>Garrison v. Colvin</u>, 759 F.3d 995, 1020 (9th Cir. 2014) (court will

19 credit-as-true medical opinion evidence only where, <u>inter alia</u>, "the

20 record has been fully developed and further administrative proceedings

21 would serve no useful purpose"); <u>Harman v. Apfel</u>, 211 F.3d 1172, 1180-

22 81 (9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000) (remand for further

23 proceedings rather than for the immediate payment of benefits is

24 appropriate where there are "sufficient unanswered questions in the

25 record").  There remain significant unanswered questions in the

26 present record.  <u>See</u> <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173 (9th Cir.

27 ///

28 ///

2015) (remanding for further proceedings to allow the ALJ to "comment on" the treating physician's opinion).[8]

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 28, 2016.


                                   /S/
                        _____
                             CHARLES F. EICK
                        UNITED STATES MAGISTRATE JUDGE

---

[8]     On remand, the ALJ also might reconsider whether to order an examination and evaluation of Plaintiff by a consultative psychiatrist or psychologist.  See Reed v. Massanari, 270 F.3d 838, 843 (9th Cir. 2001) (where available medical evidence is insufficient to determine the severity of the claimant's impairment, the ALJ should order a consultative examination by a specialist).